13-3771
Liu v. Lynch

BIA
A072 766 174

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand fifteen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

GOU-HUI LIU, AKA GOU HUI LIU,
                  *Petitioner*,

           v.                                    13-3771
                                                 NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
                  *Respondent*.

_____

FOR PETITIONER:      Nataliya I. Gavlin, Gavlin & Associates, P.C., New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gou-Hui Liu, a native and citizen of China, seeks review of a September 26, 2013 decision of the BIA denying his motion to reopen his exclusion proceedings. In re Gou-Hui Liu, No. A072 766 174 (B.I.A. Sept. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "'disfavored.'" See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006) (quoting INS v. Doherty, 502 U.S. 314, 322–23 (1992)). An alien seeking to reopen proceedings is required to file a motion to reopen no later than ninety days after the date on which the final administrative decision was rendered and may file only one such motion. See 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Liu's 2012 motion was untimely and number barred because he previously sought reopening in 1998 and his order of removal became final in 2001. 8 U.S.C. § 1101(a)(47)(B)(i).

These limitations, however, do not apply if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Failure to offer such evidence is, therefore, a proper ground for denial, as is the movant's failure to establish a

2

prima facie case for the underlying substantive relief sought. See INS v. Abudu, 485 U.S. 94, 104–05 (1988). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Liu's motion for failure to establish his prima facie eligibility for relief. See Jian Hui Shao v. Mukasey, 546 F.3d at 168 ("[An alien's] ability to secure reopening depends on a demonstration of prima facie eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief." (citations omitted)). The BIA reasonably relied on Liu's failure to provide evidence that Chinese authorities are aware or likely to become aware of his conversion to Christianity and intention to attend a house church if he returns to China. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008).

The BIA also reasonably found Liu's argument that he would come to the Chinese authorities' attention because of his past family-planning violations unpersuasive, given that the Immigration Judge had previously denied Liu's claim due to his lack of credibility. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir. 2005).

The BIA also reasonably determined that Liu did not establish his prima facie eligibility for relief because the evidence submitted with his motion did not provide information specific to Liu's home province of Fujian. Liu argues in his counseled brief that the evidence of religious persecution in China applies to China generally, including Fujian. The BIA, however, acted within its discretion in concluding that, in light of other evidence

3

submitted by Liu indicating that the degree of religious persecution in China "var[ies] significantly from region to region," A.R. 74; see also id. at 78–79, such general evidence is insufficient to satisfy Liu's prima facie burden, see Jian Hui Shao v. Mukasey, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.").

Because the agency did not abuse its discretion in denying Liu's motion for failure to demonstrate his prima facie eligibility for relief, we decline to consider his challenge to the agency's alternative country conditions finding. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4